[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Plaintiff seeks damages for injury to her scalp allegedly caused by defendant Beth Lipton applying a shampoo manufactured by defendant Biosthetique, Ltd., on May 18, 1989.
The second count of the Revised Complaint dated July 1, 1992 is directed to Beth Lipton, alleging negligence, breach of contract and a violation of the Products Liability Act, General Statutes § 52-572n et seq.
Defendant moves for summary judgment claiming that this action, commenced on May 15, 1992 is barred by the two year statute of limitations applicable to negligence actions, General Statutes § 52-584. Plaintiff argues that this statute does CT Page 5261-Z not apply, because this action is governed by the statute of limitations applicable to contracts or to products liability actions.
If General Statutes § 52-577a, the three year statute of limitations governing products liability cases applies, defendant Lipton must fall under the definition of "product seller." Plaintiff has filed an affidavit to the effect that the shampoo applied to her scalp was being sold separately to retail customers by Defendant Lipton. Lipton, in a separate affidavit, denies any sale of the product to plaintiff and claims that she furnished a service to plaintiff rather than a product, and therefore cannot be a "product seller."
General Statutes § 52-572n(b) states "a claim may be asserted successfully under said sections notwithstanding the claimant did not buy the product from or enter into any contractual relationship with the product seller."
The Supreme Court decision in Zichichi v. Middlesex MemorialHospital, 204 Conn. 399 (1987) relied on by defendant, holding that the transfer of blood could not be the basis of a product liability action centers on an interpretation of General Statutes § 19a-280 and is not controlling in the present action.
In Carbone v. Connecticut Light Power Co., 40 Conn. Sup. 120
(1984, Wagner J.), this court held electricity to a product rather than a service based on an analysis that since the electricity had been released into the stream of commerce, it was appropriate to apply a strict liability standard and coverage under the Product Liability Act.
The allegations of the plaintiff that the shampoo applied to her scalp by Lipton was being sold by Lipton separately creates a genuine issue of material fact as to whether the shampoo was being released into the stream of commerce so as to make Lipton a product seller and bring this action within the products liability statute and therefore under the products liability statute of limitations.
Motion for Summary Judgment denied.
Jerry Wagner State Trial Referee CT Page 5261-AA